HOGUET (KOHLSAAT v.). See Case No. 7,919.

___

## Case No. 6,587.
### HOLABIRD v. ATLANTIC MUT. LIFE INS. CO.

[2 Dill. 166, note;[1] 12 Am. Law Reg. (N. S.) 566; 2 Ins. Law J. 588; 5 Chi. Leg. News, 550; 4 Bigelow, Ins. Cas. 181.]

Circuit Court, E. D. Missouri. March Term, 1873.

COMMON LAW MARRIAGE—HOW CONTRACTED AND PROVED—LIFE INSURANCE—FALSE REPRESENTATIONS—BURDEN OF PROOF.

[1. Marriage, in Missouri, may be had by the mutual present consent of two competent persons, made in good faith and followed by cohabitation, without the addition of any prescribed formalities, and may be shown by such evidence as proves that such marriage actually exists. But the distinction should be observed between the mere attempted recognition of a past void marriage and a subsequent expression of mutual and then present consent to be husband and wife.]

[2. Where the policy is conditioned to be void if any of the representations contained in the application are untrue in any respect, it is immaterial whether, if untrue, they were intentionally so, or whether the matter inquired into, had it been otherwise answered, would have caused the risk to be considered more hazardous, or whether the disease denied contributed to the death.]

[3. In an action on a policy purporting to be issued in favor of a wife upon the life of her husband, the burden is upon plaintiff to prove

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

the marriage, and thus show an insurable interest. But the burden is upon defendant to show that any of the representations in the application were untrue.]

[See note at end of case.]

[This was an action on a policy of insurance for $10,000, issued October 22, 1868, by the defendant to the plaintiff, Carrie Holabird, upon the life of O. F. Holabird, her husband, in consideration of the representations made in the application, and of the amount of the premiums paid by Carrie Holabird, the assured. The policy provided that, if within seven years from the date of the issue thereof, the declaration made by her, and upon the faith of which the policy was issued, should be found in any respect untrue, then, and in such case, the policy should be null and void. Before the death of O. F. Holabird, which occurred February 16, 1870, the company notified him and the plaintiff that the statements in the application were untrue, and that the policy had for that reason been canceled. The defendant claimed, on trial, that the policy was procured by fraud, and, among other things, that the plaintiff was not at the time the policy was issued the wife of the deceased, as stated in the declaration, and therefore had no insurable interest in his life, and that the statements in the declaration in regard to his health and freedom from disease were false.] [2]

Krum & Patrick and B. A. Hill, for plaintiff.

J. T. Tatum and W. H. Horner, for defendant.

TREAT, District Judge (charging jury). Under the issues in this case, the plaintiff must prove that at the date of the policy sued on she was the lawful wife of O. F. Holabird, the person on whose life the risk was taken. If, at the time of the marriage ceremony, in May, 1861, testified to by plaintiff, the said O. F. Holabird had a wife living, then said alleged marriage with plaintiff was void, and the plaintiff could not be, or become, the lawful wife of said O. F. Holabird during the lifetime of his former wife. By the statutes of Missouri, marriage is declared to be "a civil contract, to which the consent of the parties capable in law of contracting is essential." If subsequent to the death of the former wife, were there one, Mr. Holabird and the plaintiff, being over twenty-one years of age, were married, and that marriage was prior to the date of the policy, and they continued to live together as husband and wife until the policy was issued, then she, as his wife, had an insurable interest in his life. It is not necessary to the validity of a marriage in Missouri that any special ceremony, religious or otherwise, should be performed, nor that the marriage should be solemnized before any person belonging to any one of the classes named in the Missouri statute as author-

ized to perform the ceremony. Marriage in Missouri may be had by the mutual present consent of two competent persons, made in good faith and followed by cohabitation, without the addition of any prescribed formalities, and may be shown by such evidence as proves that such a marriage actually exists. And such is substantially the law in Tennessee and Illinois, so far as the same affects this case. Therefore, should the jury believe, from the evidence, that at the date of the marriage ceremony with the plaintiff, in May, 1861, Mr. Holabird had another wife living; yet should they further believe, from the evidence, that such former wife died in 1863; and if they further believe, from the evidence, that afterwards, in the state of Missouri, Tennessee, or Illinois, the plaintiff and Mr. Holabird agreed by mutual consent, given in good faith, to become husband and wife, and cohabited as such thereafter,—then, from the date of said mutual consent, she was his wife.

The attention of the jury is directed to the difference between the mere attempted recognition of a past void marriage and a subsequent expression of mutual and then present consent to be husband and wife. The subsequent marriage may be proved by habit and repute, if the evidence thereof satisfies the jury that the parties had mutually agreed to become husband and wife, in good faith, and had cohabited thereafter as such. If at the date of the marriage ceremony between O. F. Holabird and the plaintiff in May, 1861, said O. F. Holabird did not have another wife living, then the plaintiff became his lawful wife at that time.

The defendant seeks to avoid the policy by showing that those declarations contained in the application which are specified in the answer filed in this case, were, or some one of them was, in some respects untrue, at the time when made. By the terms of the contract, if any one of the said declarations is found to have been in any respect untrue at the time when made, then the plaintiff cannot recover. It is immaterial whether, if untrue, those declarations were not intentionally untrue, or whether the matter inquired into, had it been otherwise answered, would have caused the risk to be considered more hazardous, or whether the disease denied contributed to the death. Contracts like that sued on are based for their validity upon the truthfulness of the declarations made by the applicant in the written application to the company. As the declarations are presumed to be true the burden of proving them untrue is upon the defendant, who controverts them.

Whether the representations were material to the risk or not is not open for inquiry in this case; for the defendant and plaintiff agreed, as it was competent for them to do, that if any of the declarations were in any respect untrue, the policy should be void. Hence it is for the jury to determine from

the evidence whether the defendant has shown any one of the declarations to have been untrue in any respect, when made, and also whether the plaintiff has shown that at the date of the policy she was the lawful wife of said O. F. Holabird.

The jury should pass upon this case impartially, and free from all prejudice for or against either of the parties to the suit. The rights of corporations and of natural persons are to be decided by the same rules of justice, and should be affected by no considerations except such as the law and evidence require, when controversies arise between them for judicial investigation.

If the jury find for the plaintiff, they will assess her damages at $10,000, deducting therefrom the amount of notes for premiums on the policy unpaid at the time of Mr. Holabird's death, together with any balance of the year's premium remaining unpaid, and will add interest on said sum at the rate of six per cent. per year from the time proof of death was submitted to the defendant to the present time.

If the jury find for the plaintiff, and are further satisfied from the evidence that the defendant has vexatiously refused to pay the loss in this case, they may in their discretion, under the statute, add to the foregoing sum an amount not exceeding ten per centum of the amount of the loss. The law commits the question of vexatious refusal to the calm and deliberate consideration of the jury, to be determined in the light of all the facts and circumstances of the case. St. 1865, p. 402, § 1.

There was a verdict and judgment for the plaintiff.

[NOTE. As to burden of proof being on plaintiff, see Terry v. Life Ins. Co., Case No. 13,839, affirmed in supreme court in Life Ins. Co. v. Terry, 15 Wall. (82 U. S.) 580. Compare, however, Price v. Phoenix Mut. Life Ins. Co., 17 Minn. 497 (Gil. 473), and Wilkins v. Germania F. Ins. Co., 57 Iowa, 529, 10 N. W. 916. See Equitable Life Assur. Soc. v. Paterson, 41 Ga. 338, which holds that a reputed wife, supported and treated as one, has an insurable interest in the life of the supposed husband.

[In 2 Dill. 166, this case is published as a note to Swick v. Home Ins. Co., Case No. 13,-692.]